## NEWPORT COUNTY.

### MICHAEL A. GLYNN vs. SARAH T. ZABRISKIE et al.

A notice of intention to claim a lien on land for materials furnished which states
that the lien intended to be claimed is created by Pub. Stat. R. I. cap. 177,
§ 5, as amended by Pub. Laws, cap. 696, of March 21, 1888, is fatally defec-
tive, the lien being given by Pub. Stat. R. I. cap. 177, § 1, as amended by
Pub. Laws, cap. 696, § 1.

*Query*, whether a notice of intention to claim a lien on land for materials fur-
nished is sufficient where it omits to state what the materials were, or that
they had been furnished within sixty days prior to the giving of notice, or
against whose estate in the land it is intended to claim the lien.

PETITION for a mechanic's lien.

*September* 27, 1895. PER CURIAM. The notice of inten-
tion to claim a lien, served on the respondent, a copy of
which is recorded in the office of the City Clerk of Newport,
omits several matters which it is customary and desirable, if
not essential, that such a notice should contain, viz., it does
not state what the materials were which had been furnished,
nor that they had been furnished within sixty days prior to
the giving of notice, nor against whose estate in the land it
is intended to claim the lien.

It is not necessary, however, for us to determine whether
the notice is insufficient on account of these omissions, or any
or either of them, for it is fatally defective in that it states
that the lien intended to be claimed is created by Pub. Stat.
cap. 177, § 5, as amended by Public Laws, cap. 696, of March
21, 1888. The lien for materials furnished is given, not by
§ 5, referred to in the notice, but by § 1 of cap. 177 of the
Public Statutes as amended by Pub. Laws, cap. 696, § 1.
Section 5 merely limits the period for the commencement of

legal process to enforce the lien created by § 1, as amended, and for the notice to be given to the owner of the property of an intention to claim the lien. The statute being in derogation of the common law, a strict compliance with its requirements is necessary. *Dodge* v. *Walsham*, 16 R. I. 705.

Petition denied and dismissed.

*Charles Acton Ives*, for petitioner.

*Samuel R. Honey*, for respondents.